**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ARTHUR R. AMASH,** *et al.*,

                **Plaintiffs,**

v.                                                 1:12-cv-837

**HOME DEPOT U.S.A., INC.,**

                **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiffs commenced this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and New York Labor Law, Article 19, §§ 650 *et seq.* See 2nd Am. Compl., dkt. # 43. Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") moves for summary judgment dismissing the claims brought by Plaintiff Charles R. Schneider, Jr. ("Schneider" or "Plaintiff'). See Mot. dkt. # 103. Schneider has not responded. For the reasons that follow, the motion is granted.

**II.    BACKGROUND[1]**

Schneider is a former assistant store manager for Home Depot who had joined a FLSA conditional certified collective action entitled Aquilino v. The Home Depot, Inc., Civil Action No. 04-cv-4100, filed against Home Depot in the United States District Court for the

---

[1] Because Plaintiff did not submit a responsive Local Rule 7.1(a)(3) Statement, the properly supported facts set forth in Defendant's Local Rule 7.1(a)(3) Statement of Material Facts are deemed admitted.

1

District of New Jersey on August 25, 2004 ("Aquilino action").  See 2nd Am. Compl. at ¶ 1; Compl., (ECF No.1 in D. NJ. 04-cv-41 00).  The Aquilino plaintiffs, including Schneider, alleged that they were misclassified as exempt from the overtime requirements of the FLSA, and the laws of 25 other states ("ASM Wage and Hour Claims").  Id.

Six months after opting-in to the Aquilino action, Schneider, on May 31, 2007, filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Northern District of New York.  Schneider did not disclose to the Bankruptcy Court his status as an opt-in plaintiff in the Aquilino action or otherwise disclose that he had a claim for unpaid overtime against Home Depot.

On February 15, 2011, the District of New Jersey granted Home Depot's motion to decertify the nationwide FLSA collective action. Aquilino, 2011 WL 564039, at * 11, (ECF Nos. 341 and 347 in D.N.J. 04-cv-4100).  After decertification of the collective action, by Order dated May 2,  2011, the District of New Jersey dismissed the opt-in plaintiffs without prejudice. Aquilino, 2011 WL 564039, at *1, (ECF No. 353 in D.N.J. 04-cv-4100); see Aquilino v. Home Depot U.S.A., Inc., No. 06-cv-4100 (PGS) (D.N.J. May 2, 2011) (ECF No. 353 in D.N.J. 04-cv-41 00).

In June 2011, some of the former Aquilino opt-in plaintiffs filed six multi-state actions, alleging violation of the FLSA and various state laws. See Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 262 (D. Conn. 2012).  On June 14, 2011, the plaintiffs in the instant action, including Schneider, were among the plaintiffs who filed a FLSA and multi-state law wage/hour action in the United States District Court for the District of Connecticut, alleging violations of the FLSA and the wage and hour laws of New Hampshire, New York, and Vermont ("Costello action").  Costello v. Home Depot U.S.A.,

2

Inc., Civil Action. No. 11-cv-953 (ECF No.1 in D. Conn. 11-cv-0953). None of the multi-state actions included FLSA collective action or Rule 23 class action allegations.

On January 10, 2012, Home Depot filed a motion in the Costello action, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. §1404(a), to sever the plaintiffs' claims into seven separate actions and to transfer six of those actions to districts in other states, including New York. Costello, 888 F. Supp. 2d at 261 (ECF No. 55 in D. Conn. 11-cv-0953). On April 10, 2012, the Costello Court granted Home Depot's motion. Id. at 271 (ECF No. 72 in D. Conn. 11-cv-0953).

By its Orders of April 30, 2012 and May 2, 2012, the claims of plaintiff Arthur R. Amash, Theodore Biagoiotti, Sheryl Glickman, Christine M. Holloway, Shaun H. Kimball, Joseph L. Pangione, Jeffrey A. Repp, Charles R. Schneider, Richard A. Yingling, Jr., Robert F. Yuskauskas and John L. Marine were transferred to the Northern District of New York. See Order of Transfer, filed April 30, 2012, (ECF No. 77 in D. Conn. 11-cv-0953), and Amended Order of Transfer, filed May 2, 2012 (ECF No. 79 in D. Conn. 11-cv-0953). The instant action was electronically transferred to this Court on May 21, 2012. See May 21, 2012 Docket Entry (ECF No. 81 in N.D.N.Y. 12-cv-0837).

As indicated above, on May 31, 2007, six months after Schneider joined the Aquilino action as an opt-in plaintiff, Schneider filed a voluntary petition under Chapter 7, with the United States Bankruptcy Court for the Northern District of New York, Case No. 07-11556-1-rel ("Chapter 7 Petition"). Question 4.a of the Statement of Financial Affairs filed with Schneider's Chapter 7 Petition states:

> 4. Suits and administrative proceedings, executions, garnishments and attachments.

3

> a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case ....

Plaintiff checked the box marked "None" in response to Question 4.a of the Statement of Financial Affairs. The bankruptcy petition included a notice that made clear Schneider's legal obligation to truthfully disclose his assets to the Bankruptcy Court:

> A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to fine, imprisonment, or both ....
>
> **WARNING**: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

On June 1, 2007, Schneider filed a 5-page amendment to his Chapter 7 Petition. There is no reference to the Aquilino action or Plaintiff's ASM Wage and Hour Claims in the amendment to his Chapter 7 Petition.

On September 1, 2007, the United States Bankruptcy Court for the Northern District of New York discharged Schneider of his debts. On November 21, 2007, the Bankruptcy Court entered its final decree, declared the bankruptcy estate of Schneider fully administered, discharged the trustee, and closed the bankruptcy case. Prior to and during Plaintiff's bankruptcy proceeding, the claims he has asserted in this action were pending before the United States District Court for the District of New Jersey in the Aquilino action.[2]

---

[2]Defendant's counsel asserts that, after learning that Schneider had filed for bankruptcy, Home Depot, on April 17, 2013, asked Schneider to dismiss his claims or provide a basis for disputing that the claims he has asserted in this litigation are barred. Plaintiffs' counsel purportedly advised that he would speak to Schneider and provide a response, but no response was provided.

4

## III. DISCUSSION

The Bankruptcy Code, at 11 U.S.C. § 521(a)(1)(B)(i) & (iii), imposes a "broad" obligation on debtors "to disclose all [their] interests at the commencement of a case." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008).

> Debtors who fail to do so are "severely penalize[d]" by the Bankruptcy Code: "undisclosed assets automatically remain property of the estate after the case is closed." Chartschlaa, 538 F.3d at 122 (citing 11 U.S.C. § 554(c), (d); other citations omitted). Thus, "[c]ourts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed." Rosenshein v. Kleban, 918 F. Supp. 98, 103 (S.D.N.Y.1996). "[T]he debtor lacks standing to pursue it." Coffaro v. Crespo, 721 F. Supp.2d 141, 148 (E.D.N.Y.2010) (collecting cases).

Ibok v. SIAC-Sector Inc., 2011 WL 979307, at *2 (S.D.N.Y. March 14, 2011), *aff'd* 470 Fed. Appx. 27 (2d Cir. 2012); see also Ibok v. SIAC-Sector Inc., 2011 WL 293757, at *9 (S.D.N.Y. Feb. 2, 2011)(dismissing complaint with prejudice where plaintiff-debtor failed to disclose his lawsuit in his bankruptcy filings); Kassner v. 2nd Ave. Delicatessen Inc., 2005 WL 1018187, at * 4 (S.D.N.Y. April 29, 2005) ("A debtor who conceals a cause of action during his bankruptcy case is not entitled to then litigate those claims for his own benefit once the bankruptcy case is closed"); Rosenshein v. Kleban, 918 F. Supp. 98, 103 (S.D.N.Y. 1996)(holding that plaintiff debtors lacked standing to pursue undisclosed claims against defendants and were thus barred from asserting such claims); Kunica v. St. Jean Fin. Inc., 233 B.R. 46, 53 (S.D.N.Y. 1999) ("A debtor may not conceal assets and then, upon termination of the bankruptcy case, utilize the assets for its own benefit").

In addition, the doctrine of judicial estoppel "'prevent[s] a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from

bankruptcy.'" Ibok, 470 Fed. Appx. at 28 (quoting Coffaro v. Crespo, 721 F. Supp.2d 141, 148 (E.D.N.Y. 2010) (internal quotation marks omitted)). "[A]llowing Plaintiff to pursue this lawsuit absent full and honest disclosure of his assets would violate the integrity of the bankruptcy system. Thus, consistent with the doctrine of judicial estoppel, Plaintiff cannot be permitted to assert standing in the instant lawsuit now or in the future." Ibok, 2011 WL 979307, at *3 (citing DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010)); see also Ibok, 2011 WL 293757, at *9 (holding, where plaintiff-debtor failed to disclose claim in bankruptcy proceeding, the "the doctrine of judicial estoppel counsels in favor of dismissal ...."  ) (footnote omitted); Coffaro, 721 F. Supp. 2d 141 ("judicial estoppel is commonly invoked in order to 'prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy") (citations omitted); Kunica, 233 B.R. at 58 (collecting cases); Rosenshein, 918 F. Supp. at 104 (same).

## IV.  CONCLUSION

Prior to and during Schneider's bankruptcy proceeding, the claims he has asserted in this action were pending before the United States District Court for the District of New Jersey in the Aquilino action. Because he failed to disclose those claims in a bankruptcy proceeding which has now been fully adjudicated, Schneider lacks standing and is barred by the doctrine of judicial estoppel to assert the same claims now. Accordingly, Defendant's motion for summary judgment [dkt. # 103] is GRANTED, and all claims by Charles R. Schneider, Jr. in this action are DISMISSED.

**IT IS SO ORDERED.**

Dated: December 16, 2013

6

_____
Thomas J. McAvoy
Senior, U.S. District Judge