**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARTHUR R. AMASH,** *et al.,*

                                 **Plaintiffs,**

     **v.**                                                    **1:12-cv-837**

**HOME DEPOT U.S.A., INC.,**

                                 **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiffs commenced this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and New York Labor Law, Article 19, §§ 650 *et seq*. See 2nd Am. Compl., dkt. # 43. Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") moves for summary judgment dismissing the claims brought by Plaintiff Theodore Biagiotti ("Biagiotti" or "Plaintiff") on the grounds that judicial estoppel precludes Plaintiff's pursuit of his claims because he failed to disclose the claims in his voluntary petition for bankruptcy filed with the United States Bankruptcy Court of the Southern District of New York. See Motion, dkt. # 105. Biagiotti opposes the motion, and Home Depot has filed a reply. The Court has considered each of these filing in rendering its decision. For the reasons that follow, the motion is granted.

1

## II. BACKGROUND[1]

### a. Relevant Procedural History

Biagiotti is a former assistant store manager for Home Depot. On December 11, 2006, Biagiotti filed a consent to join a FLSA conditional certified collective action entitled Aquilino v. The Home Depot, Inc., Civil Action No. 04-cv-4100, filed against Home Depot in the United States District Court for the District of New Jersey on August 25, 2004 ("Aquilino action"). See 2nd Am. Compl. at ¶ 1; Compl., (ECF No.1 in D. NJ. 04-cv-41 00). The Aquilino plaintiffs, including Biagiotti, alleged that they were misclassified as exempt from the overtime requirements of the FLSA, and the laws of 25 other states ("ASM Wage and Hour Claims"). Id.

On February 15, 2011, the District of New Jersey granted Home Depot's motion to decertify the nationwide FLSA collective action. Aquilino, 2011 WL 564039, at * 11, (ECF Nos. 341 and 347 in D.N.J. 04-cv-4100). After decertification of the collective action, by Order dated May 2, 2011, the District of New Jersey dismissed the opt-in plaintiffs without prejudice. Aquilino, 2011 WL 564039, at *1, (ECF No. 353 in D.N.J. 04-cv-4100); see Aquilino v. Home Depot U.S.A., Inc., No. 06-cv-4100 (PGS) (D.N.J. May 2, 2011) (ECF No. 353 in D.N.J. 04-cv-41 00).

---

[1] Because Plaintiff did not submit a responsive Local Rule 7.1(a)(3) Statement, the properly supported facts set forth in Defendant's Local Rule 7.1(a)(3) Statement of Material Facts are deemed admitted.

It should also be noted that Plaintiff's counsel's unsigned Memorandum of Law is in violation of Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name .... "); General Order #22, Administrative Procedures for Electromc Case Filing, §6.1 ("A pleading or other document requiring an attorney's signature shall be signed in the following manner: ... s/(attorney name)."); N.D.N.Y.L.R. 10.1(c)(2) (All documents presented for filing "must" include the attorney's signature, bar roll number, and contact information). Due to the outcome of this motion, the Court declines Defendant's request to strike the Memorandum.

In June 2011, some of the former Aquilino opt-in plaintiffs filed six multi-state actions, alleging violation of the FLSA and various state laws. See Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 262 (D. Conn. 2012). On June 14, 2011, the plaintiffs in the instant action, including Biagiotti, were among the plaintiffs who filed a FLSA and multi-state law wage/hour action in the United States District Court for the District of Connecticut, alleging violations of the FLSA and the wage and hour laws of New Hampshire, New York, and Vermont ("Costello action"). Costello v. Home Depot U.S.A., Inc., Civil Action. No. 11-cv-953 (ECF No.1 in D. Conn. 11-cv-0953). None of the multi-state actions included FLSA collective action or Rule 23 class action allegations.

On January 10, 2012, Home Depot filed a motion in the Costello action, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. §1404(a), to sever the plaintiffs' claims into seven separate actions and to transfer six of those actions to districts in other states, including New York. Costello, 888 F. Supp. 2d at 261 (ECF No. 55 in D. Conn. 11-cv-0953). On April 10, 2012, the Costello Court granted Home Depot's motion. Id. at 271 (ECF No. 72 in D. Conn. 11-cv-0953).

By its Orders of April 30, 2012 and May 2, 2012, the claims of plaintiff Arthur R. Amash, Theodore Biagoiotti, Sheryl Glickman, Christine M. Holloway, Shaun H. Kimball, Joseph L. Pangione, Jeffrey A. Repp, Charles R. Schneider, Richard A. Yingling, Jr., Robert F. Yuskauskas and John L. Marine were transferred to the Northern District of New York. See Order of Transfer, filed April 30, 2012, (ECF No. 77 in D. Conn. 11-cv-0953), and Amended Order of Transfer, filed May 2, 2012 (ECF No. 79 in D. Conn. 11-cv-0953). The instant action was electronically transferred to this Court on May 21, 2012. See May 21, 2012 Docket Entry (ECF No. 81 in N.D.N.Y. 12-cv-0837).

3

**b. Biagiotti's Bankruptcy Proceeding**

On December 15, 2011, after he had joined the Aquilino action and its successor action Costello v. Home Depot U.S.A., Inc., Civil Action. No. 11I-cv-953 (D. Conn. 11-cv-0953) ("Costello action") as an opt-in plaintiff, Biagiotti and his spouse, with the assistance of legal counsel, filed a voluntary bankruptcy petition and reorganization plan under Chapter 13 with the United States Bankruptcy Court for the Southern District of New York, Case No. 11-38439-cgm ("Chapter 13 Plan"). The Chapter 13 Plan included Schedules that required Plaintiff to identify, among other things, "[o]ther contingent and unliquidated claims of every nature .... " Plaintiff did not identify any such claims; instead he placed an "X" in the column labeled "None." On Schedule C, Plaintiff identified $66,751.41 in claimed exemptions. On Schedule F, he identified $16,269.00 in unsecured nonpriority claims.

Question 4.a of the Statement of Financial Affairs filed with Biagiotti's Chapter 13 Plan states:

> 4. Suits and administrative proceedings, executions, garnishments and attachments.
>
> a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case ....

Plaintiff checked the box marked: "None" in response to Question 4.a of the Statement of Financial Affairs.[2]

---

[2] He did so under penalty of perjury as the bankruptcy form provided:

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and

(continued...)

4

The bankruptcy petition also included the following notice, as required by section 342(b) of the Bankruptcy Code ("Section 342 Notice"):

> A person who knowingly and fraudulendy conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All infomation supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.
>
> **WARNING**: Section 521(a)(l) of the Bankruptcy Code requires that you prompdy file detailed infonnation regarding your creditors, assets, liabilities, income, expenses and general financial condition ....

Biagiotti confirmed that he received and read the Section 342 Notice.

On January 18, 2012, Plaintiff filed an Amended Chapter 13 Plan to correct Schedule J and remove loss mitigation. Plaintiff did not disclose in the Amended Plan or corrected Schedule J his participation in this litigation or its predecessors (i.e. Aquilino and Costello), or his claims against Home Depot.

On July 30, 2012, Plaintiff filed a motion to void a second mortgage lien on his primary residence in the amount of $55,520.04. Plaintiff did not disclose in this motion his participation in this litigation or its predecessors (i.e. Aquilino and Costello), or his claims against Home Depot. On October 3, 2012, the Bankruptcy Court granted the unopposed motion and entered an order voiding the mortgage lien, reclassifying it as unsecured.

On January 29, 2013, Plaintiff filed a Second Amended Chapter 13 Plan for the stated purpose of correcting his mortgage arrears. Again, Plaintiff did not disclose his participation in this litigation or its predecessors (i.e. Aquilino and Costello), or his claims

---

[2](...continued)
that the are true and correct.

against Home Depot. On March 28, 2013, the Bankruptcy Court confirmed Plaintiff's Second Amended Chapter 13 Plan.

## III. DISCUSSION

### a. Judicial Estoppel

Defendant argues that judicial estoppel prevents Biagiotti from verifying to the Bankruptcy Court that he has no assets or potential assets in an effort to obtain a discharge of his debts, and then assert in this Court that he is entitled to compensatory damages for conduct that occurred before the filing of his bankruptcy case. Simply stated, the doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding. Rodal v. Anesthesia Group of Onandaga. P.C., 369 F.3d 113, 118 (2 Cir. 2004). To invoke judicial estoppel, "'(1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some manner.'" Ibok v. SIAC-Sector Inc., 2011 WL 293757, at *5 (S.D.N.Y. Feb. 2, 2011)(quoting Peralta v. Vasquez, 467 F.3d 98, 105 (2d Cir. 2006) (citations omitted) *cert. denied*, 551 U.S. 1145, 127 S. Ct. 3006, 168 L. Ed.2d 726 (2007)).

> The doctrine of judicial estoppel requires that there be "a true inconsistency between the statements in the two proceedings." Simon v. Safelite Glass Corp., 128 F.3d 68, 72–73 (2d Cir.1997). "If the statements can be reconciled there is no occasion to apply an estoppel." Id. at 73 (citations omitted). Moreover, judicial estoppel should be limited "to situations where the risk of inconsistent results with its impact on judicial integrity is certain." Id. at 72 (citation omitted); *accord* [Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir. 2005)].
>
> Because the inquiry is inherently case-specific, "[t]he circumstances under which the doctrine could be applied are far from clear." Young v. U.S. Dep't of Justice,

> 882 F.2d 633, 639 (2d Cir.1989), *cert. denied*, 493 U.S. 1072, 110 S .Ct. 1116, 107 L.Ed.2d 1023 (1990). Nevertheless, many courts in this circuit have applied judicial estoppel in the bankruptcy context to dismiss undisclosed claims. See, e.g., [Coffaro v. Crespo, 721 F. Supp.2d 141, 145 (E.D.N.Y. 2010)] ("In the bankruptcy context, judicial estoppel is commonly invoked in order 'to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.'") (quoting Negron v. Weiss, 2006 WL 2792769, at *3 (E.D.N.Y. Sept. 27, 2006)); [Kunica v. St. Jean Fin. Inc., 233 B.R. 46, 58 (S.D.N.Y. 1999)](collecting cases); [Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)](same).

Id. at *5-*6.

Here, Biagoiotti advanced in the Bankruptcy Court that he had no claims or lawsuits when, in fact, he had the claims that are the subject of the instant litigation. Moreover, the Bankruptcy Court, in reliance on Biagoitti's factual statements of assets (which omitted his current claims) entered an order voiding Biagoitti's mortgage lien, reclassified the mortgage lien as unsecured, and confirmed Plaintiff's Second Amended Chapter 13 Plan. Thus, Biagoitti "advanced an inconsistent position" in the bankruptcy proceeding (*i.e.* that had no outstanding claims or lawsuits against another party), and this "inconsistent position [was] adopted by the [Bankruptcy Court] in some manner." Peralta, 467 F.3d at 105; see Rosenshein, 918 F. Supp. at 104–05 ("bankruptcy court approved [plaintiffs'] plans of reorganization and discharged their debts on the basis of their incomplete disclosure of assets, thereby adopting their position").

Biagoitti's purported belief that he "had no idea the Home Depot case was real," and that he "thought the whole thing was all a scam," are belied by his consent to join the Aquilino action[3] and by the several telephone calls he received from attorneys' offices that

---

[3]Paragraph 9 of his Notice of Consent to Join provided Biagiotti with the option to retain his own counselor or be represented by the attorneys for the plaintiffs in the Aquilino Action ("Aquilino Plaintiffs'
(continued...)

7

discussed his claims with him. See Biagiotti Aff. ¶¶ 3-4, 7. Moreover, there is insufficient support for the inference that Plaintiff's failure to disclose this litigation or its predecessors (*i.e.*, Aquilino and Costello) in any of his bankruptcy filings was the result of good faith mistake or unintentional error. The courts that have addressed this issue have concluded that the "failure to disclose assets will only be deemed inadvertent or due to mistake when either the debtor has no knowledge of the claims or no motive to conceal the claims." Ibok v. SIAC-Sector Inc., 2011 WL 293757, at *7 (citations omitted, citing cases). As indicated above, the facts indicate that Plaintiff had knowledge of the claims. In addition, the reasonable inference may be drawn that Plaintiff had a motive to conceal the claims from the instant and predecessor litigations, that is, he concealed this "asset" in order to have his bankruptcy reorganization plan approved and to obtain re-classification of his debt. See id. at *8 ("With respect to his motive to conceal the claim, Ibok had such a motive. Had the trustee known about the claim, she might have attempted to sell the claim or to have extracted a settlement from the defendants in this case for the benefits of Ibok's creditors.").

Moreover, there is insufficient basis upon which to allow Plaintiff to amend his bankruptcy petition to declare his claims in the instant case.

[A]lthough the Second Circuit has not directly addressed this issue, many other

---

³(...continued)
Counsel"). With the placement of an "x," Biagiotti chose to be represented by the Aquilino Plaintiffs' Counsel. The Notice of Collective Action Lawsuit ("Collective Action Notice") that accompanied the Consent to Join Form, identified those attorneys and provided their contact information. The Collective Action Notice explained that the Aquilino Plaintiffs' Counsel would not contact Biagiotti unless he initiated contact or had "completed the ... Notice of Consent to Join Form, agreeing to join the lawsuit, and submitted it to the claims Administrator" in Florida. The Claims Administrator received Biagiotti's Consent to Join on December 19, 2006, and it was submitted to the Clerk of the United States District Court for the District of New Jersey on December 21, 2006.

circuit courts have held that judicial estoppel bars a plaintiff from moving to reopen bankruptcy proceedings to include a cause of action as an asset of the estate. See, e.g., Reed v. City of Arlington, 620 F.3d 477 (5th Cir. 2010) (plaintiff's failure to disclose cause of action during Chapter 7 bankruptcy judicially estopped trustee in bankruptcy from pursuing it) (reversing "1 million-plus judgment" in favor of plaintiff-debtor on undisclosed claim); White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 479–84 (6th Cir. 2010) (affirming grant of summary judgment dismissing plaintiff's undisclosed sexual harassment claim); Robinson v. Tyson Foods, 595 F.3d 1269, 1276 (11th Cir. 2010) (summary judgment granted on judicial estoppel grounds in employment discrimination action; plaintiff had "motive to conceal her claims in order to keep any settlement proceeds" which made "a mockery of the judicial system"); Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 325 (3d Cir. 2003) ("Applying a lesser sanction [than judicial estoppel] ... would reward [plaintiff] for what appears to be duplicitous conduct in the course of its bankruptcy proceeding. [Plaintiff] would still reap the benefit of any recovery.... In addition, the integrity of both the bankruptcy process and the judicial process would suffer."), *cert. denied*, 541 U.S. 1043, 124 S. Ct. 2172, 158 L.Ed.2d 732 (2004); Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc., 989 F.2d 570, 571–72 (1st Cir.) ("In order to preserve the requisite reliability of disclosure statements and to provide assurances to creditors regarding the finality of plans which they have voted to approve ... [plaintiff's] failure to announce [its] claim against a creditor precludes it from litigating the cause of action at this time.") (*quoting* Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 418 (3d Cir.1988)), *cert. denied*, 510 U.S. 931, 114 S. Ct. 344, 126 L. Ed.2d 309 (1993).

"The rationale for these decisions is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." Rosenshein, 918 F. Supp. at 104; see also Payless, 989 F.2d at 571 (Plaintiff "having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.... Indeed, defendants may have a windfall. However, it is an unacceptable abuse of judicial proceedings."). It would violate the "integrity" of the bankruptcy system to "permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently" assert "those claims for his own benefit in a separate proceeding." Rosenshein, 918 F. Supp. at 104.

Id., at *5-*6.

In light of the fact that the Bankruptcy Court has already re-classified certain of Plaintiff's assets and confirmed his Second Amended Chapter 13 Plan, it would violate the integrity of the bankruptcy system and, therefore, would be contrary to the doctrine of judicial estoppel. See Ibok v. SIAC-Sector Inc., 2011 WL 979307, at *3 (S.D.N.Y. March

9

14, 2011)("[A]llowing Plaintiff to pursue this lawsuit absent full and honest disclosure of his assets would violate the integrity of the bankruptcy system. Thus, consistent with the doctrine of judicial estoppel, Plaintiff cannot be permitted to assert standing in the instant lawsuit now or in the future.")(citing DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010))

IV. **CONCLUSION**

For the reasons discussed above, the doctrine of judicial estoppel bars Plaintiff from asserting his claims in this Court. Accordingly, Defendant's motion for summary judgment [dkt. # 105] is GRANTED, and all claims by Theodore Biagiotti in this action are DISMISSED.

**IT IS SO ORDERED.**

Dated: December 16, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge

10