**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARTHUR R. AMASH,** *et al.***,**

                            **Plaintiffs,**

    v.                                                1:12-cv-837

**HOME DEPOT U.S.A., INC.,**

                            **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiffs commenced this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and New York Labor Law, Article 19, §§ 650 *et seq.* See 2nd Am. Compl., dkt. # 43. Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") moves for summary judgment dismissing the claims brought by Plaintiff Robert Yuskauskas ("Yuskauskas" or "Plaintiff") on the grounds that judicial estoppel precludes Plaintiff's pursuit of his claims because he failed to disclose the claims in his voluntary petition for bankruptcy filed with the United States Bankruptcy Court of the Northern District of New York. See Motion, dkt. # 107. Yuskauskas has not responded to the motion and his time to do so has expired. For the reasons that follow, the motion is granted.

1

**II. BACKGROUND**[1]

    **a. Relevant Procedural History**

Yuskauskas is a former assistant store manager for Home Depot. On December 21, 2006, Yuskauskas joined a FLSA conditional certified collective action entitled Aquilino v. The Home Depot, Inc., Civil Action No. 04-cv-4100, filed against Home Depot in the United States District Court for the District of New Jersey on August 25, 2004 ("Aquilino action"). See 2nd Am. Compl. at ¶ 1; Compl., (ECF No.1 in D. NJ. 04-cv-41 00). The Aquilino plaintiffs, including Yuskauskas, alleged that they were misclassified as exempt from the overtime requirements of the FLSA, and the laws of 25 other states ("ASM Wage and Hour Claims"). Id.

On February 15, 2011, the District of New Jersey granted Home Depot's motion to decertify the nationwide FLSA collective action. Aquilino, 2011 WL 564039, at * 11, (ECF Nos. 341 and 347 in D.N.J. 04-cv-4100). After decertification of the collective action, by Order dated May 2, 2011, the District of New Jersey dismissed the opt-in plaintiffs without prejudice. Aquilino, 2011 WL 564039, at *1, (ECF No. 353 in D.N.J. 04-cv-4100); see Aquilino v. Home Depot U.S.A., Inc., No. 06-cv-4100 (PGS) (D.N.J. May 2, 2011) (ECF No. 353 in D.N.J. 04-cv-41 00).

In June 2011, some of the former Aquilino opt-in plaintiffs filed six multi-state actions, alleging violation of the FLSA and various state laws. See Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 262 (D. Conn. 2012). On June 14, 2011, the plaintiffs in the instant action, including Yuskauskas, were among the plaintiffs who filed a FLSA

---

[1]Because Plaintiff did not submit a responsive Local Rule 7.1(a)(3) Statement, the properly supported facts set forth in Defendant's Local Rule 7.1(a)(3) Statement of Material Facts are deemed admitted.

and multi-state law wage/hour action in the United States District Court for the District of Connecticut, alleging violations of the FLSA and the wage and hour laws of New Hampshire, New York, and Vermont ("Costello action"). Costello v. Home Depot U.S.A., Inc., Civil Action. No. 11-cv-953 (ECF No.1 in D. Conn. 11-cv-0953). None of the multi-state actions included FLSA collective action or Rule 23 class action allegations.

On January 10, 2012, Home Depot filed a motion in the Costello action, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. §1404(a), to sever the plaintiffs' claims into seven separate actions and to transfer six of those actions to districts in other states, including New York. Costello, 888 F. Supp. 2d at 261 (ECF No. 55 in D. Conn. 11-cv-0953). On April 10, 2012, the Costello Court granted Home Depot's motion. Id. at 271 (ECF No. 72 in D. Conn. 11-cv-0953).

By its Orders of April 30, 2012 and May 2, 2012, the claims of plaintiff Arthur R. Amash, Theodore Biagoiotti, Sheryl Glickman, Christine M. Holloway, Shaun H. Kimball, Joseph L. Pangione, Jeffrey A. Repp, Charles R. Schneider, Richard A. Yingling, Jr., Robert F. Yuskauskas and John L. Marine were transferred to the Northern District of New York. See Order of Transfer, filed April 30, 2012, (ECF No. 77 in D. Conn. 11-cv-0953), and Amended Order of Transfer, filed May 2, 2012 (ECF No. 79 in D. Conn. 11-cv-0953). The instant action was electronically transferred to this Court on May 21, 2012. See May 21, 2012 Docket Entry (ECF No. 81 in N.D.N.Y. 12-cv-0837).

**b. Yuskauskas' Bankruptcy Proceeding**

On August 7, 2002, while Plaintiff was employed by Home Depot, he and his spouse, with the assistance of counsel, filed a voluntary Chapter 13 petition and plan for bankruptcy in the United States Bankruptcy Court for the Northern District of New York.

The Chapter 13 Plan included schedules that required Plaintiff to disclose "[o]ther contingent and unliquidated claims of every nature…." Plaintiff did not disclose any such claims, instead placing an "X" in the column labeled: "None." On Schedule E, Plaintiff identified $17,978.20 in unsecured priority claims. On Schedule F, Plaintiff identified $17,877.08 in unsecured nonpriority claims.

Question 4.a of the Statement of Financial Affairs filed with Yuskauskas' Chapter 13 Plan states:

> 4. Suits and administrative proceedings, executions, garnishments and attachments.
>
> a.   List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case….

Plaintiff checked the box marked: "None" in response to Question 4.a of the Statement of Financial Affairs.[2]

On January 13, 2003, the Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan. By their Plan, Plaintiff and his spouse sought to reclassify their second mortgage from secured to wholly unsecured and to cramdown an automobile loan to reduce the interest rate and treat $6,036.96 of the loan as unsecured debt. The Plan provided for monthly payments for 60 months so as to pay general unsecured creditors 40% of their allowed claims.

On December 21, 2006, while Plaintiff's bankruptcy proceeding was pending, he

---

[2]The bankruptcy petition included a notice regarding Yuskauskas' legal obligation to truthfully disclose his assets to the bankruptcy court:

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

signed a Notice of Consent to Join the Aquilino action. Four months later, in April 2007, the Internal Revenue Service forwarded to the Bankruptcy Trustee Plaintiff's tax refund for the year 2006 in the sum of $1,516.00, and the Trustee filed a motion in the bankruptcy proceeding to modify Plaintiff's confirmed Chapter 13 Plan to increase its base to include the tax refund. The motion did not disclose Plaintiff's claim in the Aquilino action or otherwise disclose his claim against Home Depot. On June 12, 2007, the bankruptcy court approved the requested modification, which was not opposed.

On December 22, 2007, a year after joining Aquilino as an opt-in plaintiff, Yuskauskas filed a motion in the bankruptcy proceeding to modify his confirmed Plan and for an order deeming it complete pursuant to 11 U.S.C. §1329. In this motion, Plaintiff did not disclose his participation in Aquilino or his claims against Home Depot. On February 14, 2008, the Bankruptcy Court approved the requested modification.

On July 8, 2008, the bankruptcy court discharged Yuskauskas of his debts. On October 10, 2008, the bankruptcy court entered its final decree, declared the bankruptcy estate of the Yuskauskas fully administered, discharged the Trustee, and closed the bankruptcy proceeding.

### III. DISCUSSION

#### a. Judicial Estoppel

Defendant argues that judicial estoppel prevents Yuskauskas from verifying to the Bankruptcy Court that he has no assets or potential assets in an effort to obtain a discharge of his debts, and then assert in this Court that he is entitled to compensatory damages for claims that existed while his bankruptcy case was pending. The Court

5

agrees.

Simply stated, the doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding. Rodal v. Anesthesia Group of Onandaga. P.C ., 369 F.3d 113, 118 (2 Cir. 2004). To invoke judicial estoppel, "'(1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some manner.'" Ibok v. SIAC-Sector Inc., 2011 WL 293757, at *5 (S.D.N.Y. Feb. 2, 2011)(quoting Peralta v. Vasquez, 467 F.3d 98, 105 (2d Cir. 2006) (citations omitted) *cert. denied*, 551 U.S. 1145, 127 S. Ct. 3006, 168 L. Ed.2d 726 (2007)).

> The doctrine of judicial estoppel requires that there be "a true inconsistency between the statements in the two proceedings." Simon v. Safelite Glass Corp., 128 F.3d 68, 72–73 (2d Cir.1997). "If the statements can be reconciled there is no occasion to apply an estoppel." Id. at 73 (citations omitted). Moreover, judicial estoppel should be limited "to situations where the risk of inconsistent results with its impact on judicial integrity is certain." Id. at 72 (citation omitted); *accord* [Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir. 2005)].
> 
> Because the inquiry is inherently case-specific, "[t]he circumstances under which the doctrine could be applied are far from clear." Young v. U.S. Dep't of Justice, 882 F.2d 633, 639 (2d Cir.1989), *cert. denied*, 493 U.S. 1072, 110 S .Ct. 1116, 107 L.Ed.2d 1023 (1990). Nevertheless, many courts in this circuit have applied judicial estoppel in the bankruptcy context to dismiss undisclosed claims. See, e.g., [Coffaro v. Crespo, 721 F. Supp.2d 141, 145 (E.D.N.Y. 2010)] ("In the bankruptcy context, judicial estoppel is commonly invoked in order 'to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.'") (quoting Negron v. Weiss, 2006 WL 2792769, at *3 (E.D.N.Y. Sept. 27, 2006)); [Kunica v. St. Jean Fin. Inc., 233 B.R. 46, 58 (S.D.N.Y. 1999)](collecting cases); [Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)](same).

Id. at *5-*6.

6

Here, Yuskauskas advanced in the Bankruptcy Court that he had no claims or lawsuits when, in fact, he had the claims that are the subject of the instant litigation. Moreover, the Bankruptcy Court, in reliance on Yuskauskas' factual statements of assets (which omitted his current claims), approved a requested modification to Plaintiff's Chapter 13 Plan, entered an order deeming it complete pursuant to 11 U.S.C. §1329, discharged Yuskauskas of his debts, entered a final decree, declared the bankruptcy estate of the Yuskauskas fully administered, discharged the Trustee, and closed the bankruptcy proceeding. Thus, Yuskauskas "advanced an inconsistent position" in the bankruptcy proceeding (*i.e.* that had no outstanding claims or lawsuits against another party), and this "inconsistent position [was] adopted by the [Bankruptcy Court] in some manner." Peralta, 467 F.3d at 105; see Rosenshein, 918 F. Supp. at 104–05 ("bankruptcy court approved [plaintiffs'] plans of reorganization and discharged their debts on the basis of their incomplete disclosure of assets, thereby adopting their position").

Yuskauskas' failure to identify his claims against Home Depot for unpaid overtime as assets in his Chapter 13 bankruptcy proceeding warrants application of the doctrine of judicial estoppel and dismissal of his lawsuit. Ibok v. SAIC-Sector Inc., 470 Fed. Appx. 27, 29 (2d Cir. May 16, 2012) (judicial estoppel is "commonly applied" by courts to prevent the assertion of a claim by a party who failed to disclose the claim in a bankruptcy proceeding); see e.g. Alli v. Boston Market Co., 2011 WL 3924246, at *1-2 (D. Conn. Sept. 7, 2011) (applying judicial estoppel to bar FLSA claims made by former assistant manager at a Boston Market that were not disclosed in her bankruptcy petition); In re Family Dollar FLSA Litigation, 2011 WL 4899972, at *2-3 (W.D.N.C. Oct. 14,

7

2011)(dismissing two FLSA claims on summary judgment based on judicial estoppel for failure to disclose claims in bankruptcy filings where one plaintiff filed for bankruptcy nearly two and one-half years before she filed a civil lawsuit under the FLSA for unpaid overtime compensation); Gaskins v. Thousand Trails, LP, 521 F. Supp. 2d 693, 698 (S.D. Ohio 2007)(applying judicial estoppel to bar FLSA claims that were not disclosed in the bankruptcy petition filed two years before the plaintiff filed her civil lawsuit); Tate v. Wayne Farms LLC, 2008 WL 5272091, at *2 (S.D. Miss. Dec. 16, 2008)(applying judicial estoppel to bar FLSA claims where plaintiff failed to list those claims in her Chapter 13 bankruptcy petition); Bolden v. Wayne Farms LLC, 2008 WL 5342122 (S.D. Miss. Dec. 16, 2008)(applying judicial estoppel to bar claims of plaintiffs where they failed to list FLSA claims in their bankruptcy petitions); see also Ibok v. SIAC-Sector Inc., 2011 WL 979307, at *3 (S.D.N.Y. March 14, 2011), *aff'd* 470 Fed. Appx. 27 (2d Cir. 2012) ("[A]llowing Plaintiff to pursue this lawsuit absent full and honest disclosure of his assets would violate the integrity of the bankruptcy system. Thus, consistent with the doctrine of judicial estoppel, Plaintiff cannot be permitted to assert standing in the instant lawsuit now or in the future.")(citing DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010)); Coffaro, 721 F. Supp. 2d 141 ("judicial estoppel is commonly invoked in order to 'prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy") (citations omitted); Kassner v. 2nd Ave. Delicatessen Inc., 2005 WL 1018187, at * 4 (S.D.N.Y. April 29, 2005) ("A debtor who conceals a cause of action during his bankruptcy case is not entitled to then litigate those claims for his own benefit once the bankruptcy case is closed"); Rosenshein, 918 F. Supp. at 103 (holding that plaintiff debtors lacked standing to pursue undisclosed claims against defendants and

were thus barred from asserting such claims); Kunica, 233 B.R. at 53 ("A debtor may not conceal assets and then, upon termination of the bankruptcy case, utilize the assets for its own benefit").

## IV.     CONCLUSION

For the reasons discussed above, the doctrine of judicial estoppel bars Plaintiff from asserting his claims in this Court. Accordingly, Defendant's motion for summary judgment [dkt. # 107] is GRANTED, and all claims by Robert Yuskauskas in this action are DISMISSED.

**IT IS SO ORDERED.**

Dated: December 16, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge