UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR R. AMASH, *et al.*,

                              **Plaintiffs,**

v.                                                           1:12-cv-837

**HOME DEPOT U.S.A., INC.,**

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

      Plaintiffs commenced this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and New York Labor Law, Article 19, §§ 650 *et seq.* See 2nd Am. Compl., dkt. # 43. Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") moves pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) to dismiss the Complaint as it pertains to Plaintiffs Theodore Biagiootti, John Marine, and Robert Yuskauskas for failure to comply with Magistrate Judge's Treece's July 2, 2013 Discovery Order (dkt. # 104)[1] and for failure to prosecute.

---

[1]This was provided in Text Order format indicating:

ORDER granting 101, Home Depot's Letter Request, seeking a conference to address outstanding discovery issues. Those discovery issues are identified in the Letter Request. At the Court's direction, Plaintiffs filed a Response. Dkt. No. 102 . On July 2, 2013, a telephonic Discovery Hearing was held on the Record. During the Hearing, the Court made several Rulings which are incorporated by reference into this Text Order. Without specifically summarizing each and every Ruling, the Court notes that individual Plaintiffs have specific responses and production that must be either provided or supplemented. All of the directed responses shall be served by July 15, 2013. Should a Plaintiff fail to respond accordingly, Home Depot may file a Motion to Compel/Sanction without further permission

(continued...)

1

Defendant also seeks to compel "more responsive document responses from the remaining Plaintiffs...."

Plaintiffs' counsel indicates that John Marine has not responded to numerous requests from counsel's office and, therefore, counsel "cannot in good conscious represent to the Court that [Marine] wishes to proceed in this matter." Counsel further indicates that he "does not object to Defendant's motion to dismiss [Marine's] Complaint." Accordingly, all claims brought by John Marine are dismissed without prejudice pursuant to Rule 41(b).

The claims brought by Theodore Biagiotti and Robert Yuskaukus have been dismissed by prior Orders. Therefore, Defendant's motion with regard to Biagiotti and Yuskaukus is denied as moot.

To the extent that Defendant seeks to compel "more responsive document responses from the remaining Plaintiffs..., " the issue should be directed to Magistrate Judge Treece in the first instance. Thus, the motion in this regard is denied without prejudice to renewal before Magistrate Judge Treece.

**CONCLUSION**

Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b)[dkt. # 106] is GRANTED in part and DENIED in part. The motion is granted in that the claims brought by John Marine are dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute. The motion is denied in all other respects as set forth above.

---

[1](...continued)
from the Court. SO ORDERED. Signed by Magistrate Judge Randolph F. Treece on 7/2/2013. (Treece, Randolph) (Entered: 07/02/2013).

**IT IS SO ORDERED.**

Dated: December 17, 2013

Thomas J. McAvoy
Senior, U.S. District Judge