UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR R. AMASH, *et al.*,

                               **Plaintiffs,**

    **v.**                                                                    **1:12-cv-837**

**HOME DEPOT U.S.A., INC.,**

                                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.**     **INTRODUCTION**

Defendant Home Depot, U.S.A., Inc. applies for a Bill of Costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiffs object thereto, contending that each is financially unable to pay the costs sought against them. For the reasons that follow, the Bill of Costs applied for by Defendant is granted.

**II.**     **BACKGROUND**

Plaintiffs Arthur R. Amash, Sheryl L. Glickman, Christina Holloway, Joseph Pangione, Jeffrey A. Repp, Richard A. Yingling, and Robert Yuskauskas commenced this action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and New York Labor Law, Article 19, §§ 650 *et seq.* See 2nd Am. Compl., dkt. # 43. As reflected in the Judgment [Dkt. #192], pursuant to "Defendant Home Depot, U.S.A., Inc.'s motion to dismiss [dkt. #106] and motion(s) for summary judgment

[dkt. #103, #105, #107, #138, #139, #140, #141, #151 and #153], the plaintifƒs' second amended complaint [dkt. #43] is dismissed in its entirety in accordance with the Honorable Thomas J. McAvoy's Decision & Order(s) filed on December 16, 2013 [dkt. #126, #127 and #128], December 17, 2013 [dkt. #129], May 5, 2014 [dkt.# 184], June 3, 2014 [dkt. #185], June 12, 2014 [dkt. #186 and #187], August 21, 2014 [dkt. #190], and September 23, 2014 [dkt. #191]."  Defendant now applies for costs in accordance with 28 U.S.C. § 1920(2), seeking to tax as costs against Plaintiffs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  In this regard, Defendant seeks to tax the costs for each Plaintiff's deposition in the following amounts:

    A. $1,134.00 against Plaintiff Arthur R. Amash;

    B. $849.25 against Plaintiff Sheryl L. Glickman;

    C. $1,053.85 against Plaintiff Christina Holloway;

    D. $942.96 against Plaintiff Joseph Pangione;

    E. $1,381.10 against Plaintiff Jeffrey A. Repp;

    F. $1,142.25 against Plaintiff Richard A. Yingling;

    and

    G. $1,268.50 against Plaintiff Robed Yuskauskas.

Defendant asserts that "the depositions of Plaintiffs Arthur R. Amash, Sheryl L. Glickman, Christina Holloway, Joseph Pangione, Jeffrey A. Repp, and Richard A. Yingling, were relied upon by Defendant Home Depot in its summary judgment motions filed with respect to each of them (Dkt. #138 [Holloway], Dkt. #139 [Glickman], Dkt. #140 [Repp], Dkt. #141 [Pangione], Dkt. #151 [Yingling] and Dkt #153 [Amash]) and by the Court in its Decisions and Orders granting summary judgment to Defendant Home Depot as to each of

2

them (Dkt. #184 [Holloway], Dkt. #185 [Glickman], Dkt. #186 [Pangione], Dkt. #187 [Repp], Dkt. #190 [Yingling], and Dkt. #191 [Amash]).” Brady Decl. ¶ 5.  Defendant further contends that while neither its motion for summary judgment with respect to Plaintiff Robert Yuskauskus  (Dkt. #107),  nor the Court's Decision and Order granting summary judgment on Yuskauskus's claims  (Dkt. #128), relied upon Yuskauskus's deposition testimony, Yuskauskus's deposition was necessarily taken.  In this regard, Defendant points out that in the interim period between filing of the motion and the Court's decision thereon, the magistrate judge issued an Order urging the parties to complete discovery and "not to wait until the District Judge decides the pending dispositive motions before deposing plaintiffs." Dkt. #117.  Thus, Defendant maintains, it "deposed Plaintiff Robert Yuskauskus on the merits of his claims in preparation for trial and a [potential second] summary judgment on the merits in the event that its [first] motion for summary judgment based on judicial estoppel associated with Plaintiff Robert Yuskauskus's bankruptcy proceeding was denied." Brady Decl. ¶ 7.

      Plaintiffs' counsel argues that the Plaintiffs "were largely reduced to poverty by the circumstances which brought them to this Court for relief.  A judgment against them – even for the costs of the transcript – is beyond their ability to pay."  Housh, Decl., ¶ 5.  Plaintiffs' counsel asserts that "plaintiffs are prepared to offer proof of financial hardship, including tax records and affidavits, but such documents could not be obtained within the two (2) weeks allotted for plaintiffs' collective response." *Id.* ¶ 6.[1]  Plaintiffs' counsel further argues that "[t]his case was part of national litigation which is still proceeding. The issues are critical and

---

[1] The Court notes that there was no application made for an extension of time so Plaintiffs' counsel could provide the referenced financial information.

3

the plaintiffs were once part of a very large class seeking redress under the Fair Labor Standards Act.  Defendant has made no allegation that the cause of action was frivolous." *Id.* ¶¶ 7-8.

## III.   DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Section 1920 of Title 28 delineates the categories of costs that may be recovered.   Section 1920(2) allows "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

"'The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified.'" *Cohen v. Bank of New York Mellon Corp.*, 2014 WL 1652229, at *1 (S.D.N.Y. April 24, 2014)(quoting *John and Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)).  However, "[t]he Supreme Court recently noted that Rule 54(d)(1) 'codifies a venerable presumption that prevailing parties are entitled to costs.'" *Vermont Right to Life Committee, Inc. v. Sorrell*, 2015 WL 1481619, at *1 (D. Vt., March 31, 2015) (quoting *Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1172 (2013)).  "Thus, '[a]fter the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded.'" *Cohen*, 2014 WL 1652229, at *1 (quoting *Patterson v. McCarron*, 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005)).   "'[T]he losing party [then] has the burden to show that costs should not be imposed' for equitable reasons, such as

4

'misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.'" *Id.* (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)); *see also Sorrell*, 2015 WL 1481619, at *1 ("Although an award of costs to the prevailing party is the norm, the Court has discretion to deny costs for cause including 'misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.' ... The burden is on the losing party to show that costs should not be imposed")(quoting and citing *Whitfield*, 241 F.3d at 270).

> In *Whitfield*, the Second Circuit allowed that the presence of a single factor does not necessarily compel a denial of costs. 241 F.3d at 273 ("There is also widespread agreement among the courts of appeals that indigency *per se* does not preclude an award of costs."); *see also Wright v. Storch, Amini & Munves, PC*, 2014 WL 5781056, at *1 (S.D.N.Y. Nov. 6, 2014) ("None of the [ Whitfield ] factors, in and of themselves, require a court to deny costs."). More recently, the Second Circuit has described the exercise of discretion with respect to costs as "equitable in nature." *Moore v. Cnty. of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) (internal quotation marks and citation omitted).

*Id.*

Here, Defendant seeks to tax only the costs of the depositions of each Plaintiff. Each of the deposition transcripts were used on a motion for summary judgment, or taken as part of proper discovery in the event that any of the claims proceeded to trial. The Court finds that each deposition was necessarily obtained for use in this case. *See Sorrell*, 2015 WL 1481619, at *2; *see also Cleveland v. N. Am. Van Lines, Inc.*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994) (finding that depositions "properly taken within the bounds of discovery [are] necessarily obtained for use in the case"). Defendant need not prove that any of the claims in this case were frivolous to be entitled to taxation of costs. Thus, Defendant has

5

established that taxation of the sought-after costs is justified. This shifts the burden to Plaintiffs to show that the costs should not be imposed for equitable reasons.

Plaintiffs argue they are financially unable to pay these costs, but provide no support for this contention. The Court notes that Plaintiffs, assistant store managers at various Home Depot stores, sued for unpaid overtime compensation under the FLSA and the NYLL, contending that they were improperly classified as exempt employees. None sued for retaliatory discharge because of their FLSA or NYLL claims, and many remained employed by Defendant. The Court fails to see how Plaintiffs "were largely reduced to poverty by the circumstances which brought them to this Court for relief." Housh Decl., ¶ 5; *see, e.g.* 09/23/14 Dec. & Ord., dkt. # 191, p. 16, n. 4.[2] Furthermore, the Court fails to understand why Plaintiffs' counsel was unable to obtain and present financial information from the seven Plaintiffs in the two week time period allocated by the Local Rules, or why he did not ask for a reasonable extension of time to do so.

To the extent Plaintiffs are arguing the "public importance" element addressed in *Whitfield* when they point out that this case was once part of a national FLSA litigation that is still proceeding, the argument is without merit. On February 15, 2011, the District Court of New Jersey granted Home Depot's motion to decertify the nationwide FLSA collective action and dismissed the opt-in plaintiffs without prejudice. *Aquilino v. Home Depot, U.S.A., Inc.*, 2011 WL 564039 (D. N.J. Feb. 15, 2011). After Plaintiffs joined with other opt-in

---

[2] In addressing Plaintiff Amash's hypothetical hourly pay rate, the Court noted: "This calculation [that Amash earned $1,093.53 weekly in 2009] is based on Amash's annual salary of $56,239.00 in 2009. DSOF at ¶ 290. This same year, 2009, Amash also earned a bonus of $8,467.80 and received 171 shares of restricted stock. *Id.* at 290. In 2010, Amash's annual salary was $61,369.00 and he was awarded a MIP bonus of $11,289.41 and 130 shares of restricted stock, and an additional bonus of $4,463.12 in September, 2010. *Id.* at ¶ 291. Amash received similar raises and MIP bonuses and restricted stock every year after he was promoted to ASM in 2003. *See* DSOF at ¶¶ 283-295."

6

plaintiffs in an action in the United States District Court for the District of Connecticut alleging violations of the FLSA and various state laws (including New York's Labor Law), the Connecticut District Court granted Home Depot's motion to sever the plaintiffs' claims into seven separate actions and transfer the instant action to this Court. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 262 (D. Conn. 2012).  Each Plaintiff's claims were addressed individually, and all were dismissed on substantive grounds.   The merits of any other claim in any other action that Plaintiffs may have been a part of at one time is of no moment.

Further, the fact that the case involved the FLSA - certainly, a statute of public importance - does not mean *a fortiori* that costs cannot be assessed against Plaintiffs under Fed. R. Civ. P. 54(d)(1) or 28 U.S.C. § 1920(2).  To hold otherwise would be to insulate every FLSA plaintiff (and, indeed, every plaintiff under every statute designed to protect an interest of public importance) from the "venerable presumption" that prevailing parties are entitled to costs under Federal Rule of Civil Procedure 54(d)(1) and Section 1920 of Title 28.

The Court finds that Plaintiffs have not met their burden of presenting an equitable reason why costs should not be imposed.

## IV.  CONCLUSION

For the reasons discussed above, Defendant Home Depot, U.S.A., Inc.'s application for a Bill of Costs for "printed or electronically recorded transcripts necessarily obtained for use in the case" is granted in the following amounts:

A. $1,134.00 against Plaintiff Arthur R. Amash;

B. $849.25 against Plaintiff Sheryl L. Glickman;

C. $1,053.85 against Plaintiff Christina Holloway;

D. $942.96 against Plaintiff Joseph Pangione;

E. $1,381.10 against Plaintiff Jeffrey A. Repp;

F. $1,142.25 against Plaintiff Richard A. Yingling;

and

G. $1,268.50 against Plaintiff Robed Yuskauskas.

**IT IS SO ORDERED.**

**Dated: August 4, 2015**

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge